1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                        SOUTHERN DISTRICT OF CALIFORNIA

8

9    UNITED STATES OF AMERICA,              Case No.:  19CR1050-CAB

10                              Plaintiff,
                                            Order on Motion For Sentence
11   v.                                     Reduction Pursuant to
                                            18 U.S.C. § 3582(c)(1)(A)
12   JUAN MANUEL CAZESSUS,                   [Doc. No. 41]
                              Defendant.
13

14

15        Before the Court is defendant Juan Manuel Cazessus' motion to reduce his sentence

16   of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

17        I.   Procedural Background

18         On September 24, 2020, the defendant filed a motion *pro se* requesting reduction in

19   sentence to time served. [Doc. No. 41.]   On October 5, 2020, his counsel filed a

20   memorandum in support of the motion. [Doc. No. 43.]   On October 7, 2020, the

21   government filed a response in opposition to the motion. [Doc. No. 44.]  The Court finds

22   the motion suitable for determination on the papers.

23        A court may grant a defendant's own motion for a modification of sentence only if

24   the motion was filed after the defendant has fully exhausted all administrative rights to

25   appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf

26   or after 30 days have passed "from the receipt of such a request by the warden of the

27   defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

28

1

19CR1050-CAB

1    On May 23, 2020, the defendant submitted a request to the warden of the Lompoc

2  Federal Correctional Complex, where he is incarcerated, requesting compassionate release

3  based on his age, health and the potential for serious complications should he contract the

4  COVID-19 virus while in custody. [Doc. No. 41, at 3-4.[1]]  On June 10, 2020, the warden

5  notified the defendant his request was approved to be forwarded to the BOP, Central Office

6  in Washington D.C. for administrative review.  [Id., at 2.]  Records indicate that on July

7  17, 2020, his request was denied. [Doc. No. 47, at 3 (sealed).]  The defendant has not

8  appealed that denial however 30 days have expired since the defendant submitted his

9  request, therefore Court finds the defendant has exhausted administrative remedies and the

10  Court may consider his motion on the merits. As the movant, the defendant bears the

11  burden to establish that he is eligible for a sentence reduction.  *United States v. Varnado,*

12  2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL

13  1673440, at *3 (D. Or., April 6, 2020).

14    For the reasons set forth below, the motion is GRANTED.

15    II.  The Conviction and the Defendant's Background

16    The defendant is a 71-year old United States citizen.  On February 26, 2019, the

17  defendant was arrested and charged with two counts of importation of a controlled

18  substance (cocaine and heroin) in violation of 21 U.S.C. §§952, 960.  [Doc. No 1.]  On

19  June 6, 2019, he entered a guilty plea to Count 1 (importation of approximately 4.14 kg of

20  cocaine), a count that carried a five-year mandatory minimum sentence.  [Doc. Nos. 25,

21  26.]

22    The defendant[2] admitted he was hired by a drug trafficking organization to deliver

23  drugs from Mexico to locations in the United States in exchange for financial payment.  He

24  made two successful deliveries prior to his February arrest.  He admitted his role as a repeat

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.
[2] The summary of the defendant's participation in the 2019 offense and his history are taken from Presentence Report. [Doc. No. 28.]

19CR1050-CAB

1    courier was motivated by the need to supplement his income to support his family.  He also

2    admitted to regular methamphetamine use that contributed to his involvement.

3         The defendant has a criminal history from his twenties, when he returned from

4    military service in Vietnam with a heroin addiction.  After his conviction in 1978 for armed

5    robbery, the defendant had no recorded contacts with law enforcement for over 20 years

6    until he was in his fifties and relapsed into drug use.

7         In 2002, he was convicted of importation of methamphetamine and sentenced to 30

8    months of custody and four years of supervision.  During his custodial term he successfully

9    completed the RDAP program and obtained his GED.  He was released to supervision in

10   2004 and was compliant until 2006 when a personal tragedy (his wife and mother-in-law

11   died in a car crash) resulted in his relapse to drug use and he absconded from supervision.

12   He was eventually returned to custody for the supervised release violations in 2014 and

13   completed his term in 2015.

14        In his mid-sixties at that point, the defendant was diagnosed with throat cancer.  His

15   treatment was successful, however he continued to abuse methamphetamine.  In May 2016,

16   he was apprehended smuggling drugs into the United States, but was not prosecuted for

17   that conduct.  In 2019, he committed that same smuggling offense which resulted in his

18   current incarceration.  The defendant's age and health issues have not deterred him from

19   continuing to engage in this illegal conduct for financial gain.

20        The defendant's conviction was subject to a mandatory minimum sentence of 60

21   months, as his 2002 conviction still scored and therefore he was not eligible for safety valve

22   consideration, or relief under the First Step Act. His guideline range at sentencing was 63-

23   78 months and the government recommended the low end of the guideline, a 63-month

24   sentence. [Doc. No. 29.]  The Court considered the §3553(a) factors and in consideration

25   of the defendant's age and health issues, sentenced him on October 4, 2019 to the

26   mandatory minimum 60 months of custody, followed by four years of supervised release.

27   [Doc Nos. 39, 40.]  The defendant has been in continuous custody since his arrest on

28   February 16, 2019 and has served approximately 33% of his custodial sentence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

II.  Compassionate Release Considerations

In general, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c).  However, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds (1) that "extraordinary and compelling reasons" justify the reduction; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A)(i).

The government concedes[3] that the defendant has a qualifying serious medical issue that meets the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement.  See USSG §1B1.13.  The defendant, age 71, has been diagnosed with Type 2 diabetes, which presents a serious risk factor identified by the Centers for Disease Control (CDC) as heightening his risk for severe injury or death should he contract the COVID-19 virus.   This chronic condition, particularly at his age presents a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover.  *Id.* cmt. n.1 (A)(ii).  His hypertension and heart disease are also conditions that could make him more susceptible to severe complications if infected.

The government however contends the defendant's medical conditions are being appropriately managed at his facility.  While Lompoc previously had significant issues with the virus, there are currently no confirmed cases amongst the inmates at the Lompoc facility where the defendant is housed.  Consequently, the government argues the potential threat to the defendant is insufficient to justify compassionate release despite his health issues, which "do not appear to present any current impediment to his ability to provide self-care in the institution absent the risk of infection."[4]

_____

[3] Doc. No. 44, at 9.
[4] Doc. No. 44, at 10.

4

1    Additionally, the government argues that the defendant has not demonstrated that he

2    is not a danger to the safety of the community or otherwise merits release under the

3    §3553(a) factors.  Citing to his 2002 conviction, his 2016 arrest and his current conviction

4    for drug smuggling, the government asserts the defendant has demonstrated repetitive and

5    dangerous drug trafficking behavior that poses a danger to the community.  This behavior

6    the government argues has not been deterred by prior terms of incarceration or the

7    defendant's advancing age or health concerns.[5]  Releasing the defendant from custody now

8    after serving a term of incarceration that would be less than the time he served for the same

9    offense in 2002 the government contends would not deter him from engaging in this

10    dangerous criminal conduct in the future.

11    The defendant's age and medical conditions have not deterred him from engaging in

12    drug trafficking as a means of supporting his family and his addiction.  However, the

13    defendant's history also reflects an individual who has engaged successfully in treatment

14    for his addictions and exhibited a lengthy period of positive productive conduct without

15    law enforcement contacts.  The Court is not persuaded that the defendant, with supervision

16    and drug counseling poses a significant danger to the safety of the community.[6]

17    The BOP has taken and continues to take great efforts to control the virus in custodial

18    settings.  Containment at the Lompoc facility where the defendant is incarcerated has been

19    commendable.  The defendant's concerns, however, regarding potential exposure to a life-

20    threatening virus given his advanced age and health conditions is not inconsequential. He

21    would be as the government conceded at serious risk should the virus spread again in his

22    detention setting.

23

24    _____

25

26    [5] The government also notes the defendant's weapon and robbery convictions from over forty years ago
      as reasons for caution and concern.  The Court does not find these extremely dated convictions
      persuasive evidence of concern regarding the defendant's future conduct.

27    [6] The defendant's inmate profile classifies him as a low risk of recidivism and his warden forwarded his
      request for compassionate release for approval by the Central Office of the BOP. [Doc. No.47, at 2

28    (sealed); Doc. No. 41, at 2.]

1    Although this defendant has only completed a third of his sentence, the Court finds

2    the defendant has established that his circumstances meet the "extraordinary and

3    compelling reasons" consistent with applicable policy statements issued by the Sentencing

4    Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

5        IV. Conclusion

6    Upon motion of the defendant for a reduction in sentence under 18 U.S.C. §

7    3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. §3553(a)

8    and the applicable policy statements issued by the Sentencing Commission,

9        IT IS ORDERED that the motion is GRANTED.

10   The defendant's previously imposed sentence of imprisonment of 60 months is

11   reduced to Time Served.

12   Under 18 U.S.C. §3582(c)(1)(A), the defendant is ordered to serve a term of

13   supervised release of four years, subject to the previously imposed conditions of

14   supervision and with the added special condition that he will be subject to home detention

15   for the first 365 days of his supervision term.  During the period of home detention,

16   defendant will be subject to electronic monitoring at the discretion of the probation office

17   and will be restricted to his residence at all times other than for his necessary medical

18   appointments, drug counseling and testing, and activities pre-approved by probation.

19   This order is stayed for up to fourteen days, for the verification of the defendant's

20   residence and/or establishment of a release plan, to make appropriate travel arrangements,

21   and to ensure the defendant's safe release.  The defendant shall be released as soon as a

22   residence is verified, a release plan is established, appropriate travel arrangements are

23   made, and it is safe for the defendant to travel.  There shall be no delay in ensuring travel

24

25

26

27

28

19CR1050-CAB

1    arrangements are made.  If more that fourteen days are needed to make appropriate travel

2    arrangements and ensure the defendant's safe release, the parties shall immediately notify

3    the court and show cause why the stay should be extended.

4          IT IS SO ORDERED.

5    Dated: October 14, 2020

6                                                    _____

7                                                    Hon. Cathy Ann Bencivengo
                                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19CR1050-CAB